FILED

September 26, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:59 AM



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT NASHVILLE**

| | | |
|---|---|---|
| **Jerry W. Bailey, Sr.,** | ) | **Docket No.: 2016-06-1026** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Team Construction, LLC,** | ) | **State File No.: 91587-2015** |
| **Employer,** | ) | |
| **and** | ) | |
| **Travelers Indemnity Company of Connecticut,** | ) | **Judge Joshua Davis Baker** |
| | ) | |
| **Insurance Carrier.** | ) | |

**EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF**

This matter came before the Court on September 15, 2016, on a Request for Expedited Hearing filed by the employee, Jerry W. Bailey, Sr., pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is Mr. Bailey's entitlement to medical treatment, reimbursement for past medical treatment, and temporary disability benefits. Specifically, the question is whether a mass located in Mr. Bailey's thoracic cavity was caused by, or aggravated by, the workplace accident resulting in his current inability to work and need for additional medical treatment. For the reasons set forth below, the Court finds Mr. Bailey is unlikely to succeed at a hearing on the merits in proving a causal relationship between his workplace accident and the development or aggravation of the mass. Accordingly, the Court denies Mr. Bailey's request for additional medical care, reimbursement for past medical treatment, and temporary disability benefits.[1]

**History of Claim**

This claim concerns an allegation of a work-related back strain and its relationship to a thoracic mass. Mr. Bailey worked for Team Construction primarily as a truck driver. On October 12, 2015, Mr. Bailey alleges he "pulled something" in his back while lifting ramps on a trailer used to transport a backhoe. (T.R. 1.) No one witnessed the accident.

---

[1] A complete listing of exhibits and the technical record admitted at the Expedited Hearing is attached to this Order as an appendix.

After the incident, Mr. Bailey continued to work until the pain became so severe he could no longer drive the truck. Around lunchtime, Mr. Bailey reported the injury to the foreman at the jobsite and also reported it to Matt Mingus, Team Construction's safety manager. Mr. Mingus gave Mr. Bailey a form that listed four U.S. HealthWorks locations. Mr. Bailey chose a location and went there for treatment.

Dr. Harold Nevels at U.S. HealthWorks diagnosed Mr. Bailey with a back strain. He prescribed medication and physical therapy. After participating in physical therapy for over a month without significant improvement, Team Construction offered Mr. Bailey a panel of orthopedic specialists and he selected Dr. Daniel Burrus of Tennessee Orthopaedic Alliance.

At the initial visit, Mr. Bailey complained of increasing pain so extreme that he could only sleep while sitting up. Dr. Burrus sent Mr. Bailey for an MRI, which revealed a large thoracic mass in the area between his backbone and his right lung that extended into his thoracic spine. (Ex. 1 at 65-69.) Dr. Burrus included the following in his medical notes concerning the symptoms associated with the mass:

> My overall impression is that this fellow has underlying problem is [sic] he has a neoplasm that has involved his thoracic spine. His injury may have aggravated it, but I think this is less than 50% probability that his injury caused his difficulties. His difficulties are the neoplasm.

*Id*. at 72. He referred Mr. Bailey to his primary care physician for further care related to the mass. He also took Mr. Bailey off work to "go through a workup of his probable malignancy."[2] *Id*. at 75. In a response to a letter from the insurance adjuster, Dr. Burrus clearly indicated he had not taken Mr. Bailey off from work for reasons related to his back strain. *Id*.

After receiving the report from Dr. Burrus and his response concerning the reason for keeping Mr. Bailey off work, Team Construction discontinued Mr. Bailey's temporary disability benefits. Team Construction refused to provide any treatment related to the thoracic mass but offered Mr. Bailey further treatment for his back strain with Dr. Burrus. Mr. Bailey declined the treatment.

Team Construction also offered Mr. Bailey accommodated work, but Mr. Bailey declined. During the expedited hearing, counsel for Team Construction asked Mr. Bailey directly whether he made the decision not to return to accept the accommodated work. Mr. Bailey affirmed the decision was his, not Team Construction's. Mr. Bailey has not worked since leaving Team Construction.

---

[2] Fortunately, tests revealed the mass in Mr. Bailey's back was not cancerous.

Concerning his need for medical care, Mr. Bailey disagreed with Dr. Burrus' opinion that the thoracic mass did not arise from the injury and did not cause his current need for medical treatment. He claimed his primary care physician determined the mass was a form of infection but admitted in his closing argument that no doctor provided an opinion supporting a causal connection between the work incident and the mass. Additionally, the medical records contain no written opinion supporting a causal connection between the thoracic mass.

### Findings of Fact and Conclusions of Law

The Court applies the following legal principles to decide this matter. In general, Mr. Bailey bears the burden of proving all elements of his claim by a preponderance of the evidence in order to recover workers' compensation benefits. Tenn. Code Ann § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. Appl. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). However, he is not required to prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *See McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2015). For the reasons provided below, the Court finds Mr. Bailey failed to carry his burden of proving a likelihood of success at a trial on the merits on the issue of whether his current inability to work and need for additional medical treatment arose primarily out of and in the course and scope of employment for Team Construction.

In order for Mr. Bailey to be eligible for benefits, he must suffer an injury as defined by the Workers' Compensation Law. Under the Workers' Compensation Law, an "injury" means "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement, or the need for medical treatment of the employee[.]" Tenn. Code Ann. § 50-6-102(14) (2015). To constitute a viable claim for workers' compensation benefits, the injury must be "by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." *Id*. "An injury arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" *Id*. (internal quotations omitted).

Here, the parties agreed Mr. Bailey strained his back while lifting a ramp in the course and scope of his work for Team Construction. The proof also showed Mr. Bailey was later diagnosed with a thoracic mass. The question is whether a mass located in Mr.

3

Bailey's thoracic cavity was caused by, or aggravated by, the workplace accident resulting in his current inability to work and need for additional medical treatment.

Team Construction provided Mr. Bailey medical treatment for the back strain with Dr. Burrus. In the course of that treatment, Dr. Burrus discovered the mass and opined the workplace may have aggravated the mass but this aggravation, if any, did not result in Mr. Burrus' current symptoms or need for medical care. He stated:

> My overall impression is that this fellow has underlying problem is [sic] he has a neoplasm that has involved his thoracic spine. His injury may have aggravated it, but I think this is less than 50% probability that his injury caused his difficulties. His difficulties are the neoplasm.

*Id*. at 72. As the authorized treating physician selected from a panel, Dr. Burrus' opinion on causation is presumed correct. *See* Tenn. Code Ann. § 50-6-102(14)(E) (2015).

Mr. Bailey maintains the mass resulted from the injury or the injury aggravated the mass thereby resulting in his disability. He theorized the thoracic mass became infected from the workplace accident, or is a mass of infected tissue itself, and the infection damaged his thoracic spine. Mr. Bailey, however, admitted no doctor provided an opinion supporting his theory.

In all but the most simple and routine cases, an employee must prove the causal relationship between an injury and a workplace accident through expert medical proof. *See Wheetley v. State*, No. M2013-01707-WC-R3-WC, 2014 Tenn. LEXIS 476, at *5 (Tenn. Workers' Comp. Panel June 25, 2014) (citing *Excel Polymers, LLC v. Broyles*, 302 S.W.3d 268, 274 (Tenn. 2009); *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008)). Mr. Bailey's case is neither simple nor routine. Without expert medical testimony to support his causation theory, it remains just a theory.

Based on the evidence before it at this time, the Court finds Mr. Bailey's current need for medical care is a product of the thoracic mass, not his back strain. Dr. Burrus opined the work injury was not likely the cause and the Court has no contrary proof challenging his opinion. Although the law does not require Mr. Bailey to prove the causal relationship between the injury and the workplace accident by a preponderance of the evidence at an expedited hearing to receive medical care, he must provide some countervailing proof when faced with a negative causation opinion to prevail in this action. Because Mr. Bailey failed to provide countervailing proof, his claim for additional medical benefits must fail at this time. This finding does not, however, prevent Mr. Bailey from marshalling additional proof including an opinion from a medical doctor that supports his causation theory for presentation at a compensation hearing.

4

Mr. Bailey also seeks temporary disability benefits and payment for medical care provided by unauthorized physicians. The Workers' Compensation Law provides that employers must furnish, free of charge to the employee, medical treatment made reasonably necessary by the work-related accident. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015). On the present record, the Court cannot order payment of past medical expenses for treatment of the thoracic mass because Dr. Burrus opined the mass was not causally related to his need for further medical care. Mr. Bailey may, however, seek payment at the compensation hearing if the court finds the mass and/or its aggravation was causally-related to his work and the treatment provided was reasonable and necessary. *Id.*

Concerning temporary disability benefits, the Court finds Mr. Bailey also failed to carry his burden of proving those benefits are due. In *Jones v. Crencor,* No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015), the Appeals Board held:

> An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978).

Because Mr. Bailey provided no expert medical proof demonstrating his inability to work arose from his workplace injury—i.e. the back strain, he cannot establish any of these criteria. Until these criteria are established, the Court is unable to order the payment of temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Bailey's claim for medical and temporary disability benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on November 21, 2016, at 8:30 a.m. (CST).

**ENTERED ON THIS THE 26th DAY OF SEPTEMBER, 2016.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

5

Initial Hearing:

An Initial (Scheduling) Hearing has been sent for **October 10, 2016, at a.m. Central Time** with **Judge Joshua Davis Baker, Court of Workers' Compensation Claims. You must call 615-741-2113 or toll free at 855-874-0474 to participate in the Initial Hearing.**

**Please Note:** <u>**You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**</u>

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk within seven business days of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.000. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **<u>Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.</u>**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it

with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## **APPENDIX**

Exhibits:

1. Medical Records
2. Affidavit of Jerry Bailey

Technical Record[3]:

1. Petition for Benefit Determination filed June 2, 2016
2. Dispute Certification Notice filed July 5, 2016
3. Request for Expedited Hearing filed July 12, 2016
4. Team Construction's Response to Request for Expedited Hearing
5. Team Construction's Position Statement

---

[3] The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments to them as allegations unless established by the evidence.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 26th day of September, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Jerry Bailey, Self-Represented Employee | X | | X | 1724 Southwind Drive Nashville, TN 37217 Email: jerbail5@aol.com |
| Chip Storey, Employer's Attorney | | | X | cstorey@travelers.com dbest@travelers.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**